O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY JOHNEL ANDREWS,<br><br>        Petitioner,<br><br>    vs.<br><br>DOMINGO URIBE, JR.,<br>WARDEN,<br><br>        Respondent. | Case No. CV10-4304-GHK (DTB)<br><br>ORDER TO SHOW CAUSE |

    On June 10, 2010, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein. Petitioner purports to be challenging a judgment of conviction imposed in Los Angeles County Superior Court on June 11, 1996, following a finding of guilt in a jury trial.

    Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[1] 28 U.S.C. § 2244(d)

---

[1] Beeler was overruled on other grounds in Calderon v. United States (continued...)

provides:

    "(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

        (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

        (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner appealed his conviction to the California Court of Appeal, on July 17,

---

[1](...continued)
District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

1996, and the Court of Appeal affirmed the judgment on July 17, 1997. Petitioner thereafter filed a petition for review in the California Supreme Court on August 20, 1997, and it was denied on September 24, 1997. Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was December 23, 1997, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Therefore, for purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on December 23, 1997, and his one-year limitations period under the AEDPA expired on December 23, 1998, absent either a late-trigger date or a basis for tolling of the statute.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under either § 2244(d)(1)(B) or (C). In addition, it is clear that petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(D) since petitioner was aware of the **factual** predicate of each of his claims as of the date he was convicted and sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was December 23, 1998. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

28 U.S.C. § 2244(d)(2) provides:

> "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

1    In the Petition, petitioner indicates he filed three collateral challenges to his
2 conviction in state court: A habeas petition in the Long Beach County Superior Court;
3 a habeas petition in the California Court of Appeal; and a habeas petition in the
4 California Supreme Court. (See Pet. at ¶ 6).

5    In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed
6 the foregoing tolling provision with reference to California's post-conviction
7 procedures. The Ninth Circuit held that "the statute of limitations is tolled from the
8 time the first state habeas petition is filed until the California Supreme Court rejects
9 the petitioner's final collateral challenge." See id. at 1006. Accord, Carey v. Saffold,
10 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for
11 purposes of statutory tolling, a California petitioner's application for collateral review
12 remains "pending" during the intervals between the time a lower state court denies the
13 application and the time the petitioner files a further petition in a higher state court).
14 However, the statute of limitations is not tolled during the interval between the date
15 on which the judgment of conviction became final and the filing of the petitioner's
16 first collateral challenge. See Nino, 183 F.3d at 1006.

17   Here, petitioner's first collateral challenge was filed in Los Angeles County
18 Superior Court. Petitioner fails to set forth the date it was filed, but does allege that
19 it was denied on November 25, 2008. Thus, it would appear petitioner's first
20 collateral challenge was filed well after the one-year limitation period had already
21 lapsed. Once it lapsed, the limitations period could not be reinitiated. See Ferguson
22 v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not
23 permit the reinitiation of the limitations period that has ended before the state petition
24 was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478,
25 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001);
26 Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).

27   The Ninth Circuit has held that the district court has the authority to raise the
28 statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the

petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **July 20, 2010**, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness. In his response, petitioner is ORDERED to affirmatively set forth the date upon which he filed his first state habeas petition. If petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file the Petition on time, and (2) that he has been
pursuing his rights diligently. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); see also Beeler, 128 F.3d at 1287-89; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

DATED: June 17, 2010

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

5